UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| KEVIN DESHAN MABRY<br><br>    Plaintiff,<br> v.<br>L. NEWTON, *et al*.,<br><br>    Defendants. | Case No. 2:19-cv-10445-JLS (AFM)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

  On November 18, 2019, plaintiff, a state prisoner acting *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 in the Southern District of California. (ECF No. 1.) Plaintiff signed the Complaint on November 12, 2019. (*Id.* at 9.) The action was transferred to the Central District on December 17, 2019, where venue is proper. (ECF No. 3-4.) In his Complaint, plaintiff names as defendants Officer McVay, Sergeant Flores, Sergeant Ellis, Lieutenant Coy, Officer Newton, and Officer Purdy, all in their individual and official capacities. (ECF No. 1 at 2-3.) Plaintiff seeks monetary damages. (*Id.* at 9.)

  Plaintiff filed a Request to Proceed Without Prepayment of Filing Fees ("Request"), which initially was incomplete. (*See* ECF Nos. 2, 7, 9, 15-18.) On February 5, 2020 the Court granted plaintiff's Request. (ECF No. 19.) On February

6, 2020, plaintiff was advised that the Court is screening the Complaint in this action pursuant to 28 U.S.C. § 1915(e)(2). (ECF No. 20.) On February 20, 2020, plaintiff filed a second Request to Proceed without Prepayment of Filing Fees (ECF No. 22, "Second IFP Request") [1], and on February 21, 2020, plaintiff filed a notice of change of address (ECF No. 23). Plaintiff is now incarcerated at the Salinas Valley State Prison in Soledad, California.

In accordance with the terms of the Prison Litigation Reform Act of 1995 ("PLRA"), the Court has screened the Complaint prior to ordering service for purpose of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c)(1). The Court's screening of the pleading under the foregoing statutes is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts alleged under a cognizable legal theory. *See, e.g., Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (when determining whether a complaint should be dismissed for failure to state a claim under the PLRA, the court applies the same standard as applied in a motion to dismiss pursuant to Rule 12(b)(6)). In determining whether the pleading states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff. *See, e.g., Soltysik v. Padilla*, 910 F.3d 438, 444 (9th Cir. 2018). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, a court first "discounts conclusory statements, which are not entitled to the

---

[1] The Court denies plaintiff's Second IFP Request (ECF No. 22) as moot. The Court previously has granted plaintiff's Request to Proceed Without Prepayment of Filing Fees. (ECF No. 19.)

presumption of truth, before determining whether a claim is plausible." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1129 (9th Cir. 2013); *see also Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). Nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation or an unadorned, the-defendant-unlawfully-harmed-me accusation." *Keates v. Koile*, 883 F.3d 1228, 1243 (9th Cir. 2018) (internal quotation marks and citations omitted).

Since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *see also Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008) (because plaintiff was proceeding *pro se*, "the district court was required to 'afford [him] the benefit of any doubt' in ascertaining what claims he 'raised in his complaint'") (alteration in original). Nevertheless, the Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)).

In addition, Fed. R. Civ. P. 8(a) ("Rule 8") states:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) *a short and plain statement of the claim showing that the pleader is entitled to relief*; and (3) a

3

> demand for the relief sought, which may include relief in
> the alternative or different types of relief.

(Emphasis added). Further, Rule 8(d)(1) provides: "Each allegation must be simple, concise, and direct. No technical form is required." Although the Court must construe a *pro se* plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. United States Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (a complaint must give defendants fair notice of the claims against them). If a plaintiff fails to clearly and concisely set forth factual allegations sufficient to provide defendants with notice of which defendant is being sued on which theory and what relief is being sought against them, the pleading fails to comply with Rule 8. *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). A claim has "substantive plausibility" if a plaintiff alleges "simply, concisely, and directly [the] events" that entitle him to damages. *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). Failure to comply with Rule 8 constitutes an independent basis for dismissal of a pleading that applies even if the claims are not found to be "wholly without merit." *See McHenry*, 84 F.3d at 1179.

Following careful review of the Complaint, the Court finds that plaintiff's claims appear to be barred by the statute of limitations and the factual allegations are insufficient to state a claim upon which relief may be granted. Further, the pleading fails to comply with Rule 8 because it fails to state a short and plain statement of each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. Accordingly, the Complaint is dismissed with leave to amend. *See Rosati*, 791 F.3d at 1039 ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal

4

quotation marks omitted).

**If plaintiff desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than thirty (30) days after the date of this Order, remedying the deficiencies discussed herein.** Further, plaintiff is admonished that, if he fails to timely file a First Amended Complaint or fails to remedy the deficiencies of this pleading, the Court will recommend that this action be dismissed without further leave to amend and with prejudice for failure to state a claim and failure to follow the Court's orders.[2]

A. **Statute of Limitations**

The Complaint references one incident date, August 21, 2016, when plaintiff alleges that three unidentified firefighters from the Long Beach Fire Department and Long Beach Police Officers Newton, Purdy, McVay, Flores, Ellis, and Coy used excessive force during an incident at a grocery store. Plaintiff appears to allege that he was subjected to a "false arrest" on that day and that the related police report was falsified. (ECF No. 1 at 5.) Plaintiff also appears to raise claims under the "Fourth and Fourteenth Amendments" for the use of excessive force, "cruel and unusual punishment," and "false arrest." (*Id.* at 5-6.)

Federal civil rights claims brought pursuant to § 1983 are subject to the forum state's statute of limitations applicable to personal injury claims. *See, e.g., Bird v. Dep't of Human Servs.*, 935 F.3d 738, 743 (9th Cir. 2019) (citing *Wilson v. Garcia*, 471 U.S. 261, 276 (1985)). Federal civil rights claims arising in California after 2003

---

[2] Plaintiff is advised that this Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, although this Court believes that you have failed to plead sufficient factual matter in your pleading, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action. However, if you decide to pursue a claim in a First Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately may submit to the assigned District Judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the District Judge as provided in the Local Rules Governing Duties of Magistrate Judges.

are subject to the two-year limitations period set forth in Cal. Civ. Proc. Code § 335.1. *See, e.g., Maldonado v. Harris*, 370 F.3d 945, 954-55 (9th Cir. 2004). Federal law, however, determines when a civil rights claim accrues. *See McDonough v. Smith*, 139 S. Ct. 2149, 2155 (2019) ("the time at which a § 1983 claim accrues is a question of federal law" (internal quotation marks omitted)). A cause of action typically accrues under federal law as soon as a potential "plaintiff knows or has reason to know of the injury which is the basis of the action." *See Bird*, 935 F.3d at 743.

In addition, a federal court must give effect to a state's tolling provisions. *See Hardin v. Straub*, 490 U.S. 536, 539 (1989). Under California law, the continuous incarceration of a plaintiff is a disability that tolls the statute of limitations for a maximum of two years. *See* Cal. Civ. Proc. Code § 352.1; *see, e.g., Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (California provides for statutory tolling for a period of up to two years based on the disability of imprisonment); *Elliott v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994). Such tolling is applicable *only* if a plaintiff was imprisoned "at the time the claim accrued." *Elliott*, 25 F.3d at 802-03 (explaining that "actual, uninterrupted incarceration is the touchstone" for assessing tolling for the disability of "post-arrest custody") (citation omitted)).

Plaintiff's federal civil rights claims accrued no later than the day on which the events that gave rise to his claims took place. Even giving plaintiff the benefit of any doubt as a *pro se* litigant, it does not appear that plaintiff was incarcerated at the time of, or immediately following, the relevant incident. According to a document attached to the Complaint that is entitled "Long Beach Police Department" and dated August 21, 2016, plaintiff was "released not booked" on that date. After the incident at the grocery store, plaintiff was taken to an emergency room where it was determined that he required surgery. Officer Newton stated in the police report that plaintiff was "released" to the medical center. (*Id.* at 11-14.)

Because plaintiff was not incarcerated when defendants are alleged to have used excessive force and falsely arrested plaintiff, he is not entitled to statutory tolling

6

for such claims. *See* Cal. Code Civ. Proc. § 352.1. Absent other grounds for tolling, therefore, plaintiff only had until August 2018 to file his civil rights action. Because plaintiff's action herein was filed no earlier than November 12, 2019, the day on which he signed his Complaint (ECF No. 1 at 9), any federal civil rights claims arising from the incident on August 21, 2016, appear to be time-barred.

Accordingly, it appears to the Court that plaintiff's "Count 1" and "Count 2" are barred by the statute of limitations. A pleading may be dismissed on statute of limitations grounds if "the statute of limitations issues are apparent on the face of the complaint." *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013).

**B.** **Official Capacity Claims**

Plaintiff names each defendant in his or her official capacity. (ECF No. 1 at 2-3.) The Supreme Court, however, has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." *Id.* at 166 (emphasis omitted). In this case, defendants Newton, Purdy, McVay, Flores, Ellis, and Coy appear to be employees of the Long Beach Police Department. (*See* ECF No. 1 at 5.)

Further, the Supreme Court held in *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978), that "a local government may not be sued under §1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694; *see also Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("under § 1983, local governments are responsible only for their *own* illegal acts" (emphasis in original, internal quotation marks omitted)). To state a claim arising from the execution of a local entity's policy or custom, plaintiff must set forth factual allegations to show that the execution of a specific policy, regulation, custom or the

like was the "actionable cause" of any alleged constitutional violation. *See, e.g., Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1146 (9th Cir. 2012) ("a plaintiff must also show that the policy at issue was the 'actionable cause' of the constitutional violation, which requires showing both but-for and proximate causation"). Additionally, a *Monell* claim may not be premised on an isolated or sporadic incident. *See, e.g., Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."); *Thompson v. Los Angeles*, 885 F.2d 1439, 1443-44 (9th Cir. 1989) ("Consistent with the commonly understood meaning of custom, proof of random acts or isolated events are insufficient to establish custom."), *overruled on other grounds, Bull v. City & County of San Francisco*, 595 F.3d 964, 981 (9th Cir. 2010) (en banc).

Here, plaintiff's claims against the defendants in their official capacities all arise from a single incident in which plaintiff alleges that some Long Beach Police Officers used excessive force and unlawfully arrested him. Claims arising from an isolated event, even if not barred by the statute of limitations, fail to state a claim against the City of Long Beach arising from the execution of an allegedly improper custom or practice that was a "traditional method of carrying out policy" at the time that plaintiff alleges his constitutional rights were violated. Plaintiff's factual allegations fail to raise a plausible inference that the City of Long Beach is liable for any constitutional violation. *See, e.g., Iqbal*, 556 U.S. at 678. Therefore, plaintiff's claims against the defendants in their official capacities fail to raise a right to relief above the speculative level.

C. **Rule 8**

To the extent plaintiff is raising any claims herein that are not barred by the statute of limitations against any named defendant in his or her individual capacity, the Complaint fails to allege a minimum factual and legal basis for each claim that is

sufficient to give each defendant fair notice of what plaintiff's claims are and which factual allegations give rise to each claim.

In his two "Counts," plaintiff references what appear to be multiple claims and fails to allege that any of the multiple defendants took a specific action that caused a constitutional deprivation. For example, in his Count 1, plaintiff lists violations of his civil rights including "freedom from cruel and unusual punishment, falsification of police report, Fourth and Fourteenth Amendments." (ECF No. 1 at 5.) Plaintiff alleges that he went to a grocery store in Long Beach on August 21, 2016, and he was asked by a security guard to leave his backpack at the front of the store. Plaintiff alleges that he complied with this request. When he left, he asked the security guard and "three firemen" where his bag was. Three "Doe" defendants "held [plaintiff] down on the floor," and defendant Newton placed plaintiff into handcuffs. (*Id.*) Plaintiff does not allege that any other named defendant took any action, and he does not allege that Officer Newton used any force against plaintiff.

In his "Count 2" plaintiff does not separately reference any civil rights violations, but he alleges that he was assaulted. (*Id.* at 6.) In this claim, plaintiff alleges that defendants Newton and Purdy "participated in detaining" plaintiff and were aware of "the assault," but the officers failed to "investigate" the firefighters. (*Id.*) Plaintiff was injured, and Officer Newton took plaintiff to the hospital for treatment. (*Id.*) Plaintiff alleges that McVay, Ellis, and Coy "contributed to falsification of police report" and failed to properly investigate the incident, but he fails to set forth any specific facts regarding the actions taken by each named defendant. (*Id.*) Plaintiff additionally alleges in this claim that defendants Newton, Purdy, McVay, Flores, Ellis, and Coy "contributed" to "cruel and unusual punishment and false arrest." (*Id.*)

To the extent that plaintiff purports to raise a claim under the Cruel and Unusual Punishment Clause of the Eighth Amendment, the Eighth Amendment does not apply to claims of a detainee who has not been convicted of a crime. *See Bell v.*

*Wolfish*, 441 U.S. 520, 535 n.16 (1979) (noting that "the Due Process Clause rather than the Eighth Amendment" is relied on in considering claims of pretrial detainees because "Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions"). Accordingly, plaintiff's allegations fail to state any claim under the Cruel and Unusual Punishment Clause.

Claims arising from an arrest arise may under the Fourth Amendment. *See, e.g., Manuel v. City of Joliet*, 137 S. Ct. 911, 914-15 (2017) (a plaintiff's claims that he was held in custody on fabricated evidence arose under the Fourth Amendment). Plaintiff's claims for the use of excessive force during his arrest fall under the Fourth Amendment's right to be free from unreasonable seizures. *See, e.g., Graham v. Connor*, 490 U.S. 386, 396 (1989); *Deorle v. Rutherford*, 272 F.3d 1272, 1279 (9th Cir. 2001) (as amended) ("the force which is applied must be balanced against the need for that force"). The Supreme Court has held that, in determining whether the force used to effect a particular seizure is "reasonable" under the Fourth Amendment, "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham*, 490 U.S. at 397. As the Ninth Circuit has emphasized, "the most important factor under *Graham* is whether the suspect posed an immediate threat to the safety of the officers or others." *C.V. v. City of Anaheim*, 823 F.3d 1252, 1255 (9th Cir. 2016) (internal quotation marks omitted). The Complaint, however, fails to clearly identify which of the named defendants are alleged to have used any force.

To state a federal civil rights claim against a specific defendant, plaintiff must allege that the defendant deprived him of a right guaranteed under the United States Constitution or a federal statute, and that the "deprivation was committed by a person acting under color of state law." *See West v. Atkins*, 487 U.S. 42, 48 (1988). "A person deprives another 'of a constitutional right, within the meaning of section 1983,

if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiff complains].'" *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (emphasis and alteration in original). Further, the "under-color-of-state-law" requirement excludes from the reach of § 1983 all "merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). A claim that arises under state law, such as "assault," fails to allege a deprivation of a federal constitutional right.

Plaintiff must set forth a separate, short, and plain statement of the actions that each defendant is alleged to have taken, or failed to have taken, that **caused** each violation of a right guaranteed under the federal Constitution or a federal statute. *See West*, 487 U.S. at 48. Because plaintiff appears to raise several claims under multiple legal grounds within each "Count," and because all defendants named in this action are not alleged to have participated in all parts of the alleged events, the Complaint fails to meet the minimal requirement of Rule 8 that a pleading allow each defendant to discern what he or she is being sued for. *See McHenry*, 84 F.3d at 1177; *see also Twombly*, 550 U.S. at 555 ("[f]actual allegations must be enough to raise a right to relief above the speculative level"). The Court is mindful that, because plaintiff is appearing *pro se*, the Court must construe the allegations of the Complaint liberally and must afford plaintiff the benefit of any doubt. That said, the Supreme Court has made clear that the Court has "no obligation to act as counsel or paralegal to *pro se* litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004). In addition, the Supreme Court has held that, while a plaintiff need not plead the legal basis for a claim, the plaintiff must allege "simply, concisely, and directly events" that are sufficient to inform the defendants of the factual grounds for each claim. *Johnson*, 135 S. Ct. at 347. The Complaint here does not meet these standards.

Accordingly, the Court finds that plaintiff's Complaint violates Rule 8 because it fails to set forth a simple, concise, and direct statement of the factual basis of each

of plaintiff's claims against each defendant. If plaintiff wishes to state any federal civil rights claim that is not barred by the statute of limitations against any named defendant, plaintiff should set forth each claim separately, stating his factual allegations for each claim against each defendant under the standards set forth above.

************

**If plaintiff still desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than thirty (30) days after the date of this Order**, remedying the pleading deficiencies discussed above. The First Amended Complaint should bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original Complaint, or any other pleading or document.

Plaintiff is admonished that, irrespective of his *pro se* status, if plaintiff wishes to proceed with this action, then he must comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California. *See, e.g., Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) ("*pro se* litigants are not excused from following court rules"); including the Local Rules regarding the format of a pleading, such as L.R. 11-3.2, which requires that the lines on each page be numbered and that no more than 28 lines of double-spaced text be on each page.

The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize. Plaintiff is admonished that he must sign and date the civil rights complaint form, and he must use the space provided in the form to set forth all of the claims that he wishes to assert in a First Amended Complaint. Further, if plaintiff feels that any document is integral to any of his claims, then he should attach such document as an exhibit to the First Amended Complaint and clearly allege the relevance of each attached document within the claims that he raises in the First Amended Complaint.

12

In addition, if plaintiff no longer wishes to pursue this action, then he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a). The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**Plaintiff is further admonished that, if he fails to timely file a First Amended Complaint, or if he fails to remedy the deficiencies of this pleading as discussed herein, then the Court will recommend that the action be dismissed prejudice on the grounds set forth above and for failure to diligently prosecute.**

**IT IS SO ORDERED**.

DATED: 3/9/2020

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE

Attachment: Form CV-066
              Form CV-009